

FILED
7-28-08
JUL 2 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CRACK, TERMED

**U.S. District Court Northern District of Indiana [LIVE]**
**USDC Northern Indiana (South Bend)**
**CRIMINAL DOCKET FOR CASE #: 3:01-cr-00109-AS-1**
**Internal Use Only**

---

Case title: USA v. Smith
Magistrate judge case number: 2:01-mj-02152

Date Filed: 12/20/2001
Date Terminated: 08/23/2002

---

Assigned to: Judge Allen Sharp

### Defendant (1)

**Deshon Smith**
*TERMINATED: 08/23/2002*
*formerly known as*
Deshon A Smith

08 CR 556
Judge Kendall
Magistrate Brown

represented by **Donald J Berger**
Berger & Gammage Law Offices
110 S Taylor Street
South Bend, IN 46601
574-289-7112
Fax: 574-234-3363
Email: BJGW4@aol.com
*TERMINATED: 08/23/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**H Jay Stevens - FCD**
Federal Community Defenders Inc -
SB/IN
Northern District of Indiana
227 S Main St Suite 100
South Bend, IN 46601
574-245-7393
Fax: 574-245-7394
Email: jay_stevens@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Jerome T Flynn - FCD**
Federal Community Defenders Inc -
Ham/IN
Northern District of Indiana
31 Sibley Street
Hammond, IN 46320

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
I Certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK

By _____
DEPUTY CLERK
Date _____ 7/22/08

219-937-8020
Fax: 219-937-8021
Email: Jerry_Flynn@fd.org
*TERMINATED: 03/18/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Robert D Truitt - FCD**
Federal Community Defenders Inc -
SB/IN
Northern District of Indiana
227 S Main St Suite 100
South Bend, IN 46601
574-245-7393
Fax: 574-245-7394
Email: bob_truitt@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 21:841(a)(1) NARCOTICS - SELL, DISTRIBUTE, OR DISPENSE CRACK COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE; and 18:2 AIDING & ABETTING (1) | 87 months imprisonment, 3 years supervised release, $100 special assessment fee |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 21:841(a)(1) NARCOTICS - SELL, DISTRIBUTE, OR DISPENSE CRACK COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE; and 18:2 AIDING & ABETTING (2) | Count 2 dismissed pursuant to plea agreement |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |

None

**Miscellaneous Party**

**Deshon Smith**                                represented by  **Deshon Smith**
                                                07027-027
                                                MORGANTOWN FCI
                                                FEDERAL CORRECTIONAL
                                                INSTITUTION
                                                Inmate Mail/Parcels
                                                PO BOX 1000
                                                MORGANTOWN, WV 26507
                                                PRO SE

**Plaintiff**

**United States of America**                    represented by  **D Doug Petrovic - AUSA**
                                                US Attorney's Office - Ham/IN
                                                5400 Federal Plaza Suite 1500
                                                Hammond, IN 46320
                                                Email: USAINN.ECFCivil@usdoj.gov
                                                *TERMINATED: 01/19/2006*
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Frank E Schaffer - AUSA**
                                                US Attorney's Office - SB/IN
                                                M01 Federal Building
                                                204 S Main Street
                                                South Bend, IN 46601-2191
                                                574-236-8287
                                                Fax: 574-236-8155
                                                Email: frank.schaffer@usdoj.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Kenneth M Hays - AUSA**
                                                US Attorney's Office - SB/IN
                                                M01 Federal Building
                                                204 S Main Street
                                                South Bend, IN 46601-2191
                                                574-236-8287
                                                Fax: 574-236-8155
                                                Email: kenneth.hays@usdoj.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |

| | | |
|---|---|---|
| 12/07/2001 | 1 | COMPLAINT against Deshon A. Smith filed by J Rene Rodon, DEA signed by Mag Judge Theresa L. Springmann [ 2:01-m -2152 ] (smb) (Entered: 12/07/2001) |
| 12/07/2001 | | ARREST Warrant issued for Deshon A. Smith by Mag Judge Theresa L. Springmann [ 2:01-m -2152 ] (smb) (Entered: 12/07/2001) |
| 12/07/2001 | 2 | CJA Form 23 (Financial Affidavit) as to Deshon A. Smith [ 2:01-m -2152 ] (smb) (Entered: 12/07/2001) |
| 12/07/2001 | | ARREST of defendant Deshon A. Smith on 12/7/01 [ 2:01-m -2152 ] (smb) (Entered: 12/07/2001) |
| 12/07/2001 | 3 | MINUTES: INIT APPEAR 12/7/01 before Mag Judge Theresa L. Springmann. Dft Deshon A Smith w/out cnsl. AUSA D Petrovic E Johnston USPT present. Dft advised rights, charges, penalties. Dft rqst for apnt of cnsl granted based on finan qualif. Clerk directed to notify fed com dfndr for apnt of cnsl. Govt rqsts pretrial deten. preliminary exam set for 12:00 12/11/01 ;Detention hearing set for 12:00 12/11/01 Deshon A. Smith. Dft ordered into temp detn and remanded to USM. [ 2:01-m -2152 ] (smb) (Entered: 12/07/2001) |
| 12/11/2001 | 4 | MINUTES: before Mag Judge Theresa L. Springmann preliminary exam reset to 11:30 12/12/01 for Deshon A. Smith; detention hearing reset for 11:30 12/12/01 for Deshon A. Smith at rqst of dfns cnsl (J Flynn) due to scheduling conflict w/out object. (cc: all cnsl, USM, USPT ) [ 2:01-m -2152 ] (smb) (Entered: 12/11/2001) |
| 12/12/2001 | 5 | APPEARANCE for defendant Deshon A. Smith by Attorney Jerome T Flynn Jr [ 2:01-m -2152 ] (smb) (Entered: 12/12/2001) |
| 12/12/2001 | 6 | ARREST Warrant returned executed as to Deshon A. Smith on 12/7/01 [ 2:01-m -2152 ] (smb) (Entered: 12/12/2001) |
| 12/12/2001 | 7 | MOTION to continue deten hrg by Deshon A. Smith [ 2:01-m -2152 ] (smb) (Entered: 12/12/2001) |
| 12/12/2001 | 8 | MINUTES: Schedul for Prob Cause/Deten before Mag Judge Theresa L. Springmann. Dft Deshon Smith in person and by cnsl. AUSA D Petrovic, E Johnston USPT present. ; preliminary exam reset for 11:30 12/14/01 for Deshon A. Smith before Mag Judge Theresa L. Springmann ;detention hearing reset for 11:30 12/14/01 for Deshon A. Smith before Mag Theresa L. Springmann [ 2:01-m -2152 ] (smb) (Entered: 12/12/2001) |
| 12/12/2001 | 9 | ORDER by Mag Judge Theresa L. Springmann granting motion to continue deten hrg [7-1] to 1:00 12/14/01. (cc: all cnsl, USM, USPT) [ 2:01-m -2152 ] (smb) (Entered: 12/12/2001) |
| 12/14/2001 | 10 | MINUTES: PROB CAUSE/DETN HRG 12/14/01 before Mag Judge Theresa L. Springmann. Dft in person and by J Flynn. AUSA by D Petrovic, E Johnston USPT present. Evidence presented through testimony of J Rene Rodon, DEA. Argument heard. Crt finds sufficient prob cause to support Crim Complt and orders that dft be bound over for further proceedings before Dist Crt. Govt mtn for pretrial deten granted. Dft ordered held w/out |

| | | |
|---|---|---|
| | | bond pending trial. status and/or arraignment set for 9:30 1/11/01 for Deshon A. Smith before Mag Judge Theresa L. Springmann. [ 2:01-m -2152 ] (smb) (Entered: 12/20/2001) |
| 12/20/2001 | 11 | ORDER of Detention by Mag Judge Theresa L. Springmann as to Deshon A. Smith (cc: all counsel,USPO,USM) [ 2:01-m -2152 ] (smb) (Entered: 12/21/2001) |
| 12/20/2001 | 13 | INDICTMENT by USA. Counts filed against Deshon Smith (1) count(s) 1-2 (mjk) (Entered: 12/26/2001) |
| 12/20/2001 | 14 | PRAECIPE: by plaintiff USA for warrant as to Deshon Smith; warrant issued (mjk) (Entered: 12/26/2001) |
| 12/21/2001 | 12 | NOTICE: before Mag Judge Theresa L. Springmann vacating [10-1] arraignment set for 9:30 1/11/01 for Deshon A. Smith before Mag Judge Theresa Springmann to be set by Judge Sharp, South Bend Div. [ 2:01-m -2152 ] (smb) (Entered: 12/21/2001) |
| 12/27/2001 | 15 | NOTICE: before Judge Allen Sharp ;arraignment set for 2:00 1/8/02 for Deshon Smith in South Bend, IN (cc: all counsel) (saj) Modified on 12/27/2001 (Entered: 12/27/2001) |
| 01/08/2002 | 16 | ARRAIGNMENT: before Judge Allen Sharp dft Deshon Smith arraigned; NOT GUILTY plea entered as to all counts; ; pretrial motions due on 2/25/02 for Deshon Smith - Govt to respond by 3/11/02 ;jury trial set for 9:30 5/14/02 for Deshon Smith in South Bend; Court will enter H8 order; Deft to file waiver of Speedy Trial; Deft remanded to USM (saj) (Entered: 01/08/2002) |
| 01/08/2002 | 17 | ORDER FOR CONTINUANCE per 18:3161(h)(8) by Judge Allen Sharp (cc: all counsel) (sdf) (Entered: 01/10/2002) |
| 01/29/2002 | 18 | WAIVER OF SPEEDY TRIAL by defendant Deshon Smith (sdf) (Entered: 01/29/2002) |
| 02/25/2002 | 19 | MOTION to continue the deadline for pretrial motions by Deshon Smith (sdf) (Entered: 02/26/2002) |
| 02/27/2002 | 20 | ORDER by Judge Allen Sharp granting motion to continue the deadline for pretrial motions [19-1] ; pretrial motions deadline continued to 3/18/02 for Deshon Smith , Number of pages: 1 (cc: all counsel) (sdf) (Entered: 02/28/2002) |
| 03/11/2002 | 21 | ORDER by Judge Allen Sharp ;jury trial is reset for 9:30 5/13/02 for Deshon Smith before Judge Allen Sharp Number of pages: 1 (cc: all counsel) (sdf) (Entered: 03/11/2002) |
| 03/18/2002 | 22 | MOTION to withdraw appearance Jerome T Flynn Jr for defendant Deshon Smith by attorney Jerome T Flynn (sdf) (Entered: 03/19/2002) |
| 03/18/2002 | 23 | ORDER by Judge Allen Sharp granting motion to withdraw appearance Jerome T Flynn Jr for defendant Deshon Smith [22-1] attorney Jerome T Flynn Jr for Deshon Smith terminated ;Further the court vacates the deadline |

| | | |
|---|---|---|
| | | of 3/18/02 for filing pretrial motions and pretrial motions are now due on 4/8/02 for Deshon Smith Number of pages: 1 (cc: all counsel) (sdf) (Entered: 03/19/2002) |
| 03/19/2002 | 24 | CJA Form 20 Copy 4 (Appointment of Counsel) Attorney Donald J Berger for defendant Deshon Smith (saj) (Entered: 03/20/2002) |
| 03/26/2002 | 25 | ARREST Warrant returned executed as to Deshon Smith on 12/21/01 (sdf) (Entered: 03/27/2002) |
| 04/05/2002 | 26 | APPEARANCE for defendant Smith by Attorney Donald J Berger (sdf) (Entered: 04/05/2002) |
| 04/05/2002 | 27 | MOTION for continuance to file pretrial motions by Deshon Smith (sdf) (Entered: 04/05/2002) |
| 04/10/2002 | 28 | ORDER by Judge Allen Sharp granting motion for continuance to file pretrial motions [27-1] ; pretrial motions due on 5/2/02 for Deshon Smith , Number of pages: 1 (cc: all counsel) (sdf) (Entered: 04/11/2002) |
| 04/24/2002 | 29 | NOTICE: before Judge Allen Sharp ;change of plea hearing set for 1:00 4/30/02 for Deshon Smith (cc: all counsel) (saj) (Entered: 04/24/2002) |
| 04/30/2002 | 30 | CHANGE OF PLEA: before Judge Allen Sharp; deft sworn & advised of rights & possible penalties; guilty plea entered as to count(s): 1 , jury trial previously set for 5/13/02 is vacated; sentencing set for 1:30 8/23/02 (South Bend time) for Deshon Smith; matter referred to USPO for PSR; deft remanded to USM (jld) (Entered: 04/30/2002) |
| 04/30/2002 | 31 | PLEA Agreement filed in open court as to Deshon Smith Deshon Smith (1) count(s) cmp, 1-2 (jld) (Entered: 05/02/2002) |
| 07/29/2002 | 32 | LETTER from defendant Deshon Smith re his safety in SJCJ (copy to chambers) (jld) (Entered: 07/30/2002) |
| 08/15/2002 | 33 | LETTER from defendant Deshon Smith addressed to Judge Sharp (sdf) (Entered: 08/15/2002) |
| 08/23/2002 | 34 | SENTENCING: before Judge Allen Sharp sentencing Deshon Smith (1) count(s) 1. 108 months imprisonment w/credit for time served, 3 years supervised release, $100 special assessment fee , dismissing counts as to Deshon Smith (1) count(s) 2. Count 2 dismissed pursuant to plea agreement, PSI ordered sealed, Deft remanded to USM to commence sentence (saj) (Entered: 08/26/2002) |
| 08/23/2002 | 35 | ORDER by Judge Allen Sharp dismissing counts as to Deshon Smith (1) count(s) 2. Count 2 dismissed pursuant to plea agreement Number of pages: 1 (cc: all counsel) (saj) (Entered: 08/26/2002) |
| 08/23/2002 | 36 | JUDGMENT and Commitment issued to U.S. Marshal as to Deshon Smith by Judge Allen Sharp (cc: USM(4-cert), USA(2-cert), USPO(1-cert), Smith, Berger, Financial, Press Box, Order Book) (saj) (Entered: 08/26/2002) |
| 08/23/2002 | 37 | SENTENCING memorandum by Judge Allen Sharp as to Deshon Smith (cc: USM, USPO, USA, Berger, Order Book) (saj) (Entered: 08/26/2002) |

| 08/23/2002 | | (Court only) (Utility) terminating party Deshon Smith , case terminated (saj) (Entered: 08/26/2002) |
|---|---|---|
| 08/29/2002 | 38 | MOTION for recommendation by court to the Bureau of Prisons that the defendant be considered for incarceration at a boot camp by Deshon Smith (sdf) (Entered: 08/29/2002) |
| 09/24/2002 | 39 | ORDER by Judge Allen Sharp granting motion for recommendation by court to the Bureau of Prisons that the defendant be considered for incarceration at a boot camp [38-1] Number of pages: 1 (cc: all counsel) (sdf) (Entered: 09/24/2002) |
| 10/08/2002 | 41 | CJA Form 20 (Attorney Payment Voucher) as to Deshon Smith in the amount of $ 1,308.50 approved by Judge Allen Sharp (sdf) (Entered: 11/01/2002) |
| 10/22/2002 | 40 | RESPONSE (letter from G L Hershberger/Regional Director of the Federal Bureau of Prisons) to court's order recommending that defendant Deshon Smith serve his term in an Intensive Confinement Center [39-1] (sdf) (Entered: 10/22/2002) |
| 11/12/2002 | 42 | JUDGMENT and Commitment returned executed on 11/6/02 as to ;Name of Institution: FCI, ELKTON (sdf) (Entered: 11/13/2002) |
| 08/19/2004 | 43 | MOTION to Appoint Counsel by Deshon Smith. (rmn ) - Copy to USA on 8/23/04 (saj). (Entered: 08/20/2004) |
| 09/27/2004 | 44 | ORDER denying without prejudice 43 Motion to Appoint Counsel as to Deshon Smith (1). Signed by Judge Allen Sharp on 09/27/2004. (rmn ) (Entered: 09/27/2004) |
| 02/02/2005 | 45 | MOTION review sentence re 37 Memorandum Opinion by Deshon Smith. (rmn ) (Entered: 02/03/2005) |
| 02/15/2005 | 46 | RESPONSE in Opposition by United States of America as to Deshon Smith re 45 MOTION review sentence re 37 Memorandum Opinion (Attachments: # 1)(Hays, Kenneth) (Entered: 02/15/2005) |
| 02/16/2005 | 47 | ORDER denying 45 Motion to review sentence as to Deshon Smith (1). Signed by Judge Allen Sharp on 2/16/2005. (rmn ) (Entered: 02/17/2005) |
| 09/19/2005 | 48 | Letter from DeShon Smith to Judge Sharp (rmn) (Entered: 09/21/2005) |
| 09/26/2005 | 49 | ORDER as to Deshon Smith re 48 Letter. This Court is treating the Defendant's letter as a Motion to Review Sentence and the Motion to Review Sentence is DENIED. Signed by Judge Allen Sharp on 9/26/2005. (rmn) (Entered: 09/26/2005) |
| 10/28/2005 | 50 | MOTION to Challenge Mandatory Minimum Sentence filed by Deshon Smith. (rmn) (Entered: 10/31/2005) |
| 11/29/2005 | 51 | ORDER as to Deshon Smith re 50 MOTION to Challenge Mandatory Minimum Sentence filed by Deshon Smith. Government Response Brief due by 1/3/2006. Signed by Judge Allen Sharp on 11/29/2005. (rmn) (Entered: 11/30/2005) |

| 01/19/2006 | 52 | ATTORNEY APPEARANCE Kenneth M Hays appearing for USA. (Hays, Kenneth) (Entered: 01/19/2006) |
|---|---|---|
| 01/19/2006 | | Attorney update in case as to Deshon Smith. Attorney D Doug Petrovic terminated. (smp) (Entered: 01/23/2006) |
| 01/24/2006 | 53 | RESPONSE to Motion by United States of America as to Deshon Smith re 50 MOTION to Challenge Mandatory Minimum Sentence (Hays, Kenneth) (Entered: 01/24/2006) |
| 02/28/2006 | 54 | MEMORANDUM AND ORDER DENYING Deshon Smith's 50 Motion to challenge mandatory minimum sentence. Signed by Judge Allen Sharp on 2/28/06. (khr) (Entered: 03/01/2006) |
| 01/30/2008 | 55 | Letter from DeShon Smith re: sentence reduction. (Financial affidavit submitted & stored in vault) (jld) (Entered: 01/31/2008) |
| 02/06/2008 | 56 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER in Hammond, Indiana as to Deshon Smith, for referral of counsel to represent the defendant. Signed by Judge Robert L Miller Jr on 2/6/08. (jld) (Entered: 02/06/2008) |
| 02/08/2008 | 57 | ATTORNEY APPEARANCE: Robert D Truitt - FCD appearing for Deshon Smith (Truitt - FCD, Robert) (Entered: 02/08/2008) |
| 02/19/2008 | 58 | ATTORNEY APPEARANCE: H Jay Stevens - FCD appearing for Deshon Smith (Stevens - FCD, H) (Entered: 02/19/2008) |
| 02/20/2008 | 59 | MOTION for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582 by Deshon Smith. (Stevens - FCD, H) (Entered: 02/20/2008) |
| 02/21/2008 | 60 | ATTORNEY APPEARANCE Frank E Schaffer - AUSA appearing for USA. (Schaffer - AUSA, Frank) (Entered: 02/21/2008) |
| 02/22/2008 | 61 | Amended MOTION for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582 by Deshon Smith. (Stevens - FCD, H) (Entered: 02/22/2008) |
| 02/22/2008 | | (Court only) ***Motions terminated as to Deshon Smith: 59 MOTION for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582 filed by Deshon Smith mooted by the filing of the amended motion on 2/22/2008. (saj) (Entered: 02/26/2008) |
| 03/05/2008 | 62 | RESPONSE to Motion by United States of America as to Deshon Smith re 61 Amended MOTION for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582 (Schaffer - AUSA, Frank) (Entered: 03/05/2008) |
| 03/06/2008 | 63 | ORDER granting 61 Motion to Reduce Sentence re Crack Cocaine Offense - 18:3582 for Deshon Smith (1) Count 1 as to Deshon Smith (1), Sentence on Count 1 is reduced to 87 months imprisonment. Signed by Judge Robert L Miller Jr on 3/6/08. (jld) (Entered: 03/07/2008) |
| 06/30/2008 | 64 | Transfer of Jurisdiction ORDER as to Deshon Smith: transferring |

| | | jurisdiction to Northern District of Illinois.. Signed by Judge Robert L Miller Jr on 6/30/08. (jld) (Entered: 07/01/2008) |
|---|---|---|
| 07/01/2008 | 65 | Letter re: transfer of jurisdiction to Clerk, Northern District of Illinois (jld) (Entered: 07/01/2008) |
| 07/18/2008 | 66 | ORDER accepting transfer of jurisdiction as to Deshon Smith in Northern District of Illinois. Signed by Unassigned on 7/11/08. (jld) (Entered: 07/21/2008) |
| 07/21/2008 | 67 | Jurisdiction Transferred to Northern District of Illinois as to Deshon Smith: Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (jld) (Entered: 07/21/2008) |

**-FILED-**

DEC 20 2001

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CAUSE NO. **3 01CR*109 AS** |
| | ) | |
| v. | ) | 21 U.S.C. 841(a)(1) |
| | ) | 18 U.S.C. 2 |
| DESHON SMITH | ) | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1

On or about December 6, 2001, in the Northern District of Indiana,

**DESHON SMITH,**

defendant herein, did distribute 5 grams or more of a substance or mixture containing a detectable

amount of cocaine base, commonly known as crack, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States

Code, Section 2.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA**
I Certify that the foregoing is a
true copy of the original on file in this
court and cause.
**STEPHEN R. LUDWIG, CLERK**

By _____ DEPUTY CLERK

Date ___7/22/08___

13




**THE GRAND JURY FURTHER CHARGES:**

## COUNT 2

On or about December 6, 2001, in the Northern District of Indiana,

### DESHON SMITH,

defendant herein, did possess with the intent to distribute 50 grams or more of a substance or mixture containing a detectable amount of cocaine base, commonly known as crack, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

A TRUE BILL:

JOSEPH S. VAN BOKKELEN
United States Attorney

By: _____
Doug Petrovic
Assistant United States Attorney
Atty. No. 18429-45

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:01 CR 109-1 AS |
| | ) | |
| DESHON SMITH | ) | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I Certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By
DEPUTY CLERK
Date 7/22/08

## SENTENCING MEMORANDUM

### I. Procedural History

The defendant, Deshon Smith, was charged in a one-count complaint filed on December 7, 2001. On December 20, 2001, he was charged in Counts One and Two of a two-count Indictment returned by a grand jury sitting in this district. The Defendant pled guilty to the Count One of the Indictment on April 30, 2002. Count One of the Indictment charges the defendant with a violation of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Crack Cocaine.

Because the offense occurred after November 1, 1987, the Sentencing Reform Act of 1984 and the United States Sentencing Commission Guidelines (Guidelines), as amended November 1, 2001, apply to this sentencing, pursuant to *Miller v. Florida*, 482 U.S. 423 (1986). However, because the offense conduct took place before November 1, 2001, the effective date for the current Guidelines, a comparison has been made between the relevant Guidelines and this Court has determined that there are no differences between the two Guideline calculations for purposes of this sentencing, therefore, the 2001 Guidelines will be used.

## II. The Presentence Report

The defendant, defense counsel, and the government have reviewed the presentence report, as has the court. The government has no objections. The defendant objects to paragraphs 29, 33, and 35, all related to his adult criminal convictions. The Court will address those objections in Section IV below. All other paragraphs of the presentence report not specifically addressed in this Memorandum are adopted by the court as findings of fact and statements of reason for imposition of sentence in this case.

## III. The Plea Agreement

The defendant and the government entered into a plea agreement in which the defendant agreed to plead guilty to Count One (1) of the Indictment. The defendant understands the maximum possible penalties for this offense and that he will be sentenced pursuant to the Sentencing Guidelines. With this understanding, the defendant has agreed to waive his right to appeal this sentence on any ground, and has agreed that he will not contest this sentence or the manner in which it was determined in any post conviction proceedings.

The government agreed to make a *non-binding* recommendation to the court that any sentence imposed be at the minimum of the applicable guideline range, and a *non-binding* recommendation that the defendant be given a reduction in offense level for acceptance of responsibility. In addition, the government agreed to ask for leave of the court to dismiss the remaining count of the Indictment at the time of sentencing.

## IV. The Defendant's Offense Level

The Guideline for a violation of 21 U.S.C. §841(a)(1) is found in U.S.S.G. §2D1.1. Probation has calculated the amount of drugs involved in this defendant's criminal activity as 76.7 grams of cocaine base, which gives him a base offense level of thirty (32).

Under Guideline U.S.S.G. § 3E1.1(a) and (b), the Court finds that a three (3) level reduction for acceptance of responsibility is warranted, giving the defendant an adjusted offense level of twenty-nine (29).

Probation has calculated the defendant's criminal history score and determined that he has four (4) criminal history points, and an additional two (2) points for committing the current offense while on probation, for a total criminal history score of six (6). The defendant challenges the criminal history points assessed in paragraphs 29, 33, and 35. The defendant alleges that he was not the individual arrested on December 23, 1997 for Retail Theft, and that it was not uncommon for other individuals to use his name. Probation reported, however, that the person arrested had the same name, social security number, and birthday as this defendant, that a physical description matched this defendant, and that a signature taken in 1997 from the defendant involved in the retail theft conviction appears very similar to this defendant's signature on his release of information forms. Based on this testimony, the Court finds by a preponderance of the evidence, the standard for sentencing findings, that this defendant is the same individual who was arrested for Retail Theft on December 23, 1997.

The defendant claims that the offenses in paragraph 33 and 35 of the PSI should not

be counted because they were charged as misdemeanors. However, the relevant Guidelines provision requires misdemeanors to be counted with the exception of certain listed offenses, and the defendant's offenses, visiting a common nuisance and unlawful possession of cannabis, are not among those listed. U.S.S.G. §4A1.2(c)(1) & (2). Therefore, the Court finds that a criminal history category of III is appropriate for this defendant.

## V. The Defendant's Sentence

With a total offense level of twenty-nine (29) and a criminal history of III, the applicable Guideline range for imprisonment is 108-135 months. The defendant is not eligible for probation because the applicable guideline range is in Zone D of the Sentencing Table. Pursuant to the plea agreement, the defendant is sentenced to a term of 108 months, to be followed by three (3) years of supervised release as required by 21 U.S.C. § 841 and U.S.S.G. § 5D1.2(b). The conditions of supervised release shall include the fifteen (15) standard conditions as listed under U.S.S.G. § 5D1.3(c) as well as the additional condition listed on page 21 of the pre-sentence report. The defendant shall receive jail credit time for time served since his incarceration on this offense. The court finds that this sentence sufficiently punishes this defendant for his criminal conduct and therefore satisfies the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

## VI. Fines, Restitution, Fees

The applicable fine range under U.S.S.G. § 5E1.2(c)(4) is from $15,000 to $2,000,000. Based on the defendant's financial information, the court imposes no fine. The court must and does assess a special assessment fee of $100.00.

The clerk shall prepare judgment. The clerk shall also provide a copy of this Sentencing Memorandum to the United States Probation Department for forwarding to the United States Sentencing Commission.

**IT IS SO ORDERED**.

**DATED:** August 23, 2002

_____
**ALLEN SHARP, JUDGE**
**NORTHERN DISTRICT OF INDIANA**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA          )
                                  )
            v.                    )        CAUSE NO.  3:01 CR 109 AS
                                  )
DESHON SMITH                      )

ORDER FOR DISMISSAL

Pursuant to Rule 48(a) of the Federal Rules of Criminal

Procedure and by leave of court endorsed herein, the United

States Attorney for the Northern District of Indiana hereby

dismisses  Count 2 of the Indictment filed on December 20,

2001, against  DESHON SMITH , defendant.

JOSEPH S. VAN BOKKELEN
United States Attorney

By:          D. Doug Petrovic

D. Doug Petrovic
Assistant United States Attorney
Attorney No. 18429-45

Leave of Court is granted for the filing of the foregoing dismissal.

Date: _____8/23/2002_____

HONORABLE ALLEN SHARP
United States District Court Judge
United States District Court
Northern District of Indiana
South Bend Division

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
   I Certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK

By_____
              DEPUTY CLERK
ate_____7/22/08_____

# UNITED STATES DISTRICT COURT

Northern District of Indiana

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| DESHON SMITH | Case Number:        3:01cr0109AS |
| | DONALD J. BERGER |
| | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)   1

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841(A)(1)<br>18:2 | Distributing 5 Grams or More of Crack Cocaine<br>Aiding and Abetting | 12/2001 | 1 |

The defendant is sentenced as provided in pages 2 through        5        of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ Count(s) 2                    ☒ is  ☐ are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:                   —

Defendant's Date of Birth:                   —

Defendant's USM No.:                   —

Defendant's Residence Add                   —

**Defendant in Custody**

Defendant's Mailing Address:

Defendant in Custody

August 23, 2002
Date of Imposition of Judgment

_Allen Sharp_
Signature of Judicial Officer

ALLEN SHARP
Name and Title of Judicial Officer

August 23, 20
Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I Certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK

By
DEPUTY CLERK
Date 7/22/08

DEFENDANT:         DESHON SMITH
CASE NUMBER:       3:01cr0109AS

Judgment — Page  2  of  5

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of
One Hundred Eight (108) months with the defendant to receive credit for time served since his incarceration on this offense

☐   The court makes the following recommendations to the Bureau of Prisons:

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the U.S. Marshal for this district at (city), Indiana OR directly to the designated
      institution by (time) on (date).

☐   The defendant shall surrender to the United States Marshal for this district:

      ☐   at _____   ☐ a.m.   ☐ p.m.   on _____.

      ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      ☐   before 2 p.m. on _____.

      ☐   as notified by the United States Marshal.

      ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____   to _____

at _____ , with a certified copy of this judgment.

_____
                                    UNITED STATES MARSHAL

By _____
                          DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | | Judgment—Page 3 of 5 |
|---|---|---|

DEFENDANT:      DESHON SMITH
CASE NUMBER:    3:01cr0109AS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term    Three (3) years

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☒    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1)   The defendant shall not leave the judicial district or other specified geographic are without the permission of the court or probation officer.

2)   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4)   The defendant shall support the defendant's dependents and meet other family responsibilities.

5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6)   The defendant shall notify the probation officer at least then (10) days prior to any change of residence or employment.

7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8)   The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered, or other places specified by the court.

9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10)  The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11)  The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)  The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

15)  The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
          Sheet 3A — Supervised Release

DEFENDANT:       DESHON SMITH                          Judgment—Page   4   of   5
CASE NUMBER:     3:01cr0109AS

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall participate in a drug aftercare treatment program which may include urine testing under a co-payment plan at the direction and discretion of the probation officer.

As part of the co-payment program, the defendant will be held responsible for 3% per $100.00 of his net wages as determined by the probation office.

If the defendant is unemployed or receiving public assistance, the defendant will be held responsible for a co-payment of $10.00 per month. Payments are to be made on a per visit basis.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

DEFENDANT:        DESHON SMITH                                    Judgment — Page    5    of    5
CASE NUMBER:      3:01cr0109AS

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth
Sheet 5, Part B.

|          | **Assessment** | **Fine** | **Restitution** |
|----------|----------------|----------|-----------------|
| **TOTAL** | $  100.00      | $  0.00  | $  0.00         |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered
    after such determination.

☐   The defendant shall make restitution (including community restitution) payable to Clerk, U.S. District Court, (street address), (city,
    state, zip) for the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in
    the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid
    in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|-------------------|---------------------------|-----------------------------------|---------------------------------------------|
|                   |                           |                                   |                                             |

| **TOTALS** | $ _____ | $ _____ | $ _____ |
|------------|-------------------|-------------------|-------------------|

☐   If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the
    fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be
    subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐   the interest requirement is waived for the   ☐  fine and/or   ☐  restitution.

    ☐   the interest requirement for the   ☐  fine and/or   ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses
committed on or after September 13, 1994 but before April 23, 1996.